(17 App. Div. 416.)

### HEILBRONN et al. v. HERZOG.

(Supreme Court, Appellate Division, First Department. May 7, 1897.)

ATTACHMENT—MOTION TO VACATE—REBUTTING AFFIDAVITS.
    Where a motion to vacate is made on an affidavit stating that the attachment was sued out while a motion to vacate a previous attachment was pending, plaintiff may show by affidavit that the attachments were issued in separate actions.

Appeal from special term, New York county.

Action by Justus Heilbronn and another against Abraham S. Herzog. From an order vacating a warrant of attachment, plaintiffs appeal. Reversed.

The defendant moved to vacate plaintiffs' attachment upon two grounds: First, that the warrant was irregularly obtained, by reason of the nondisclosure and concealment by plaintiffs upon their application for the warrant of the fact that another warrant had been issued against the property of the defendant in this action, and of the subsequent proceedings in respect thereto; and, second, that the affidavit on which the attachment was issued was insufficient. This latter ground was not sustained, but the order vacating the warrant of attachment was placed on the ground that "the court was not informed that another attachment had been issued in the case." By an affidavit of a clerk of the defendant's attorney, it was alleged as a fact that on the 21st day of December, 1896, the plaintiffs obtained a warrant of attachment, and that thereafter a motion to vacate was made; that, while the motion was yet unargued, the plaintiffs procured another warrant; and that, in the affidavit on which the second warrant was obtained, the statement appears

that "no previous application has been made herein." Upon the argument of the motion, the plaintiffs' attorney asked leave to file an affidavit showing that the warrant of attachment here assailed had been granted in a distinct and independent action from that in which the prior warrant had been granted, and that a new summons had been issued therein, and that at the time when the second warrant was granted, as stated by the justice granting the same, another warrant of attachment for the same cause of action had been issued in another action between the same parties. The court, however, refused to receive such affidavit, or permit the filing thereof; and the recitals of the order vacating this attachment, after referring to the motion made and the ground thereof, state what occurred on the motion as follows: "And the said plaintiffs, upon the argument of the said motion, having duly offered to file an affidavit * * * showing in substance that the warrant of attachment herein, bearing date the 7th day of January, 1897, had been granted in a distinct and independent action from that in which the prior warrant had been granted, and that a new summons had been issued therein, and that, at the time when the said warrant was granted, it was stated to the justice granting the same that another warrant of attachment for the same cause of action had been granted in another action between the same parties, and the court having refused to receive such affidavit, or to permit the filing thereof, and the plaintiffs' counsel having duly excepted to the said ruling," etc.

Argued before WILLIAMS, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

Benjamin N. Cardozo, for appellants.
Leo G. Rosenblatt, for respondent.

O'BRIEN, J.    The question of the sufficiency of the affidavit, we think, is disposed of by our decision handed down herewith (45 N. Y. Supp. 1142) upon the other appeal in the action between these same parties; for, while there are some slight differences, the affidavits on which the attachments were obtained are substantially identical.

This brings us to the question of regularity. Had it been shown that a second application was made in the same action, without disclosing or stating, as required by the rule, that a previous application had been made, the judge would have been entirely justified upon this ground alone in vacating the second attachment. Here the defendant asserted the existence of that state of affairs by producing the affidavit of a clerk showing that in a prior action between the same parties another attachment had been issued, for the same cause of action; and, if there were nothing further in the case, this would be sufficient to support the decision of the judge. The plaintiffs, however, as appears by the recitals in the order appealed from, offered to show by affidavit that the second attachment was issued in a second and distinct action commenced by the issuance of a new summons, and that the statement had been made to the court that an attachment in the first and distinct action had been granted. We do not see why, after having received the affidavit of the defendant, the plaintiffs were not permitted to show, if they could, that the defendant was mistaken; and, in view of the recitals in the order, we must assume that the plaintiffs could have shown that the second attachment was granted in a separate and distinct action. We may well rest the reversal of this order upon such refusal, because little argument is necessary to sustain the proposition that where a defendant, by addi-

tional affidavits, attempts to show the existence of a prior attachment in the same action, he cannot insist that his own affidavits alone shall be considered by the court, and that the affidavits of his adversary contradicting his affirmance shall be excluded.

We think the order appealed from should be reversed, and the attachment reinstated, and the motion sent back to the special term, where, with all the facts before it, the court can determine de novo whether upon any ground the attachment should be vacated. Ordered accordingly, with $10 costs and disbursements to the appellants to abide the event. All concur.